UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 05-0123T |
| | ) | |
| MANUEL CORADIN | ) | |

---

OBJECTION TO PRESENTENCE REPORT

Now comes Manuel Coradin, the Defendant in the above captioned matter, and makes the following objection to the presentence report ("PSR") prepared by the Probation Department in this case. Specifically, Mr. Coradin objects to the method used by probation to convert seized monies into an equivalent drug quantity for guideline determination purposes.

Probation made its determination of the base offense level in this case in ¶ 15 of the report. Pursuant to U.S.S.G. § 2D1.1, probation combined the cocaine base, cocaine powder and cash seized to arrive at an equivalent drug quantity of 3,298.056 kilograms of marijuana. Under the guidelines, 3,000 to 10,000 kilograms of marijuana carries an offense level of 34. The method of combining the contraband items, however, is flawed in two ways.

First, the guidelines instruct that when confronted with multiple controlled substances, all are converted to a marijuana equivalent for purposes of determining the offense level. U.S.S.G. § 2D1.1, App. Nt. 10 (generally, and § (D) particularly for conversion of cocaine base). While probation used this method to combine the cocaine base and the cocaine powder, probation directly converted the monies seized into a quantity of cocaine base. The monies seized should have converted into a quantity of marijuana first and then combined with the other controlled substances. This method of conversion has been used by probation in prior cases[1], and more closely follows the application note. Converting the monies to marijuana makes a difference here with the resulting offense level being two points lower at 32.[2]

---

[1] Counsel will provide case example separately.

[2]

- Cocaine base: 211.18 g @ 6.7 Kg mj = 1414.906 Kg marijuana

Second, assuming that conversion of monies directly to cocaine base equivalent appropriate, the conversion rate used here is not correct. Probation uses a conversion rate quoted from a November, 2005, DEA report fixing the value of cocaine base at $75 per gram. That report notwithstanding, the value of cocaine base here in Providence in July, 2005, was higher. In two prior cases, probation applied, with the government's agreement, a conversion rate $100 per gram.[3] The difference in the valuation once again results in an offense level of 32. Many factors influence the street value of cocaine base including the quality, the quantity, the scarcity, the time of the month, etc. Ultimately it is an estimation of a market commodity. When converting seized cash to estimated drug amount, that accuracy of the estimation is further attenuated. In this instance consistency should be a driving force when making estimates for guideline sentencing determinations. Probation should use the $100 figure to promote consistency in district sentencing.

For both of these reasons the guideline range should be recalculated in this instance and Mr. Coradin should receive the benefit of the lower offense level.

Respectfully submitted
Manuel Coradin
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

---

- Cocaine powder: 49.98 g @ 200 g mj = 9.996 Kg marijuana
- Cash seized: $25,262 @ $25 g mj = 1.011 Kg marijuana (conversion rate from prior case)

- Total: 1425.907 Kg marijuana ~ offense level 32

[3] Case particulars will be provided separately; in one case a straight conversion rate of $100 per gram was applied, while the other case quoted a range of value between $80 and $100 per gram with the higher being ultimately applied.

CERTIFICATION

I hereby certify that a copy of this notice was delivered by electronic notification to Stephen Dambruch, Assistant United States Attorney, and Heather McLoughlin, United States Probation Officer, on December 21, 2007.

/s/ Kevin J. Fitzgerald