IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CR. No. 05-123T |
| vs. | ) | |
| | ) | |
| MANUEL CORADIN | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO PRESENTENCE REPORT**

I. INTRODUCTION

On October 17, 2007, a the defendant appeared before the Court and pled guilty to both counts of the indictment. The Court then ordered a presentence report and scheduled the case for sentencing on January 15, 2008.

United States Probation Officer Heather McLoughlin filed the presentence report with the Court on December 11, 2007, setting the defendant's total offense level at thirty-one. Ms. McLoughlin based that calculation upon the type and quantity of drugs involved, as well as the defendant's relevant conduct.

Defendant now objects to Probation Officer McLoughlin's guideline calculations. Specifically, defendant disputes the "street value" used to convert the defendant's drug proceeds into a quantity of crack cocaine and the method used to combine the differing controlled substances for guideline calculation purposes.

II. ARGUMENT

The calculation of the base offense level under the United States Sentencing Guidelines for a drug distribution offense is primarily dependent upon the Court ascertaining the appropriate quantity of drugs. U.S.S.G. § 2D1.1(a)(3). In arriving at that figure, the Court should include all relevant drug quantities. U.S.S.G. § 2D1.1(a)(3), Commentary, note 12.

In the instant case, the probation officer calculated the relevant drug quantities using a street value of $75 for a gram of the crack cocaine. In support of the use of that figure, she references information obtained from the Drug Enforcement Administration establishing $75 as the approximate cost of both a gram of crack and/or powder cocaine as of November 2005, just four to five months after the defendants arrest.

The defendant counters with a figure of $100 per gram, a claim that he asserts is supported by information he promises to supply to the Court at some future point in time. That position is, however, directly contradicted by information provided to the government by Detective Joseph Colanduono, an experienced narcotics investigator who was involved in the investigation leading to the defendant’s arrest and prosecution. According to Detective Colanduono, the approximate street value of a gram of crack cocaine as of July 2005 was $25 to $30 wholesale and $60 to $70 retail, meaning that if the probation officer erred, she did

so in the defendant's favor.

The bottom line is that the defendant's objection on this point arises from a factual, versus legal, dispute. Therefore, if he persists in his refusal to accept the figure utilized by the probation officer, the matter should be resolved at the sentencing hearing through the presentation of sworn testimony and/or other admissible evidence. If such a hearing takes place, the government would present the testimony of Detective Colanduono in support of its position.

With regard to the defendant's objection to the method used to combine the differing controlled substances for guideline calculation purposes, the defendant's claim is entirely without merit. Beyond a vague promise to provide "case example separately," the defendant fails to present any detailed justification for his position. This is not surprising, since a review of the presentence report reveals that the probation officer properly applied both the applicable case law, as set forth in United States v. Gerante, 891 F.2d 364 (1st Cir. 1989), and the relevant provisions of the Sentencing Guidelines, as set forth in § 2D1.1(a)(3), Commentary, notes 10 and 12, when she calculated the defendant's base offense level.

## III. Conclusion

Based upon the arguments set forth above, the government respectfully requests that the Court overrule the defendant's objection to the presentence report.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,
ROBERT CLARK CORRENTE
United States Attorney

/s/ Stephen G. Dambruch

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
RI Bar #3309
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
stephen.dambruch@usdoj.gov

**CERTIFICATE OF SERVICE**

On this 28th day of December, 2007, I caused the within Notice of Appearance and Withdrawal to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Kevin Fitzgerald, Esquire
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, RI 02903

/s/ Stephen G. Dambruch

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
RI Bar #3309
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
stephen.dambruch@usdoj.gov